IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAMES J. ARMSTRONG<br>Plaintiff<br>vs<br><br>ASSOCIATES INTERNATIONAL HOLDING CORP. d/b/a CITIFINANCIAL INTERNATIONAL LTD; ASSOCIATES FINANCE; and CITIGROUP, INC.<br><br>Defendants | CIVIL 04-1478CCC |

**O R D E R**

This is an action for damages and for injunctive and declaratory relief brought under federal question jurisdiction as well as diversity jurisdiction invoked pursant to 28 U.S.C. §§1331 and 1332. Plaintiff James J. Armstrong (Armstrong) alleges that defendants, Associates International Holdings Corporation d/b/a Citifiancial International, Ltd., and d/b/a Associates Finance (AIHC) and/or Citigroup, Inc. (Citigroup), discharged him from his job because of his age in violation of the Age Discrimination in Employment Act 29 U.S.C. §621 et seq. ("ADEA"). Armstrong also asserts that he was entitled to receive a compensation incentive package as part of the transition retention program at the time of the takeover by his former employer, but which he was denied in violation of his contractual rights. Before the Court now is the Motion Requesting Dismissal Pursuant to Fed.R.Civ.P. 12(b) for Lack of Personal Jurisdiction and Motion to Dismiss for Improper Venue Pursuant to 28 U.S.C. §1406(a) or in the Alternative Requesting Change of Venue Pursuant to 28 U.S.C. §1404(a) filed by defendant Citigroup (**docket entry 13**) and the Motion to Dismiss and/or Transfer for Improper Venue, 28 U.S.C. §1404(a) filed by defendant AIHC (docket entry14), and plaintiff's opposition (**docket entry 19**).

Both defendants have advanced various arguments in support of dismissal, among them, lack of in personam jurisdiction (in the case of Citigroup), improper venue and forum non conveniens. As an alternative to dismissal, they propose a change of venue to the United States District Court for the Northern District of Texas.

Because we find that the arguments advanced in support of dismissal for lack of jurisdiction are meritless, we examine instead whether a change of venue would be proper under 28 U.S.C. §1404(a).[1] Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The Supreme Court has recognized that section 1404(a) "reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice" and that "the purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612 (1964) (quoting Continental Grain Co. v. Barge F.B.L.-585, 364 U.S. 19 (1960).

Looking into the convenience factors, none of the parties in this controversy are located in Puerto Rico, including the plaintiff Armstrong who resides in Florida. In the case of the defendants, AIHC is a New York corporation, headquartered in Irving, Texas, where the plaintiff worked; while Citigroup is a Delaware corporation, headquartered in New York, New York. Likewise, the record reflects that there are no primary witnesses located in Puerto Rico. Other than plaintiff, the primary witnesses identified will be his former supervisor and the persons who

---

[1]Even if we were to lack in personam jurisdiction, as averred by Citigroup, the Supreme Court has recognized that "the language of §1406(a) is amply broad enough to authorize the transfer of the cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendant or not." Goldlawr, Inc. v. Heiman, 369 U.S. 467 (1962); World Skating Federation v. International Skating Union, 357 F.Supp.2d 661 S.D.N.Y., 2005. Same principle is equally applicable under either §1404 or §1406. ZPC 2000, Inc. v. The SCA Group, Inc., 86 F.Supp.2d 276 (S.D.N.Y.)

worked with him in Irving, Texas or New York, New York. In addition, the core allegations are the age discrimination based on his discharge from employment in Irving, Texas, and failure to promote him to a position in New York, New York, as well as, breach of contract based on a transition retention program offered by his former employer in Irving, Texas. All aspects of the plaintiff's employment claims, including specifically his hire, his discharge, and any failure to promote, occurred exclusively in Irving, Texas. Finally, it is worth noting that in relation to these same claims plaintiff had previously filed an administrative complaint in Dallas, Texas before the Equal Employment Opportunities Commission (EEOC) and the Texas Commission on Human Rights.

In sum, although plaintiff's original choice of forum was the District of Puerto Rico, the events concerning the age discrimination and breach of contract actions took place in Irving, Texas. There is no connection between plaintiff's claims and the Commonwealth of Puerto Rico. Plaintiff's alleged activities related to Puerto Rico that are cited in his Complaint and the Joint Case Management Memorandum are not alleged to have given rise to any of his claims (i.e. his work related to Puerto Rico or the company's retail operations). On the other hand, Irving, Texas was the plaintiff's place of employment and where all disputed employment decisions occurred. Balancing the inconveniences to defendants in litigating this case in this District against the inconveniences that plaintiff would confront if the case were transferred to the Northern District of Texas, as well as the other factors mentioned above, the Court determines that the transfer of this action to said District will enhance the convenience of the parties, of the witnesses, and is in the best interests of justice, and further FINDS that this action should have been brought in said District originally. The Northern District of Texas may also exercise jurisdiction and venue over both Defendants.

For the reasons stated, the Request for Change of Venue Pursuant to 28 U.S.C. §1404(a) filed by defendants on September 3, 2004 (**docket entries 13 and 14**) is GRANTED. Accordingly, the Clerk of Court will proceed forthwith to transfer this action to the Northern District of Texas.

SO ORDERED.

At San Juan, Puerto Rico, on September 29, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge